UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF ENERGY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 24-1565 |
| v. | ) ) | |
| ADVANCED INSULATION CONCEPTS, INC., | ) ) | |
| Defendant. | ) ) | |

**COMPLAINT TO ENFORCE CIVIL PENALTY
ASSESSED BY THE UNITED STATES DEPARTMENT OF ENERGY**

The United States Department of Energy ("DOE") hereby alleges:

**NATURE OF THE CASE**

1.      DOE brings this action pursuant to the Energy Policy and Conservation Act, 42 U.S.C. chapter 77, subchapter III, as amended, 42 U.S.C. § 6291 *et seq.*, ("EPCA") and its implementing regulations in 10 C.F.R. parts 429 and 431 to recover a civil penalty that DOE assessed against Defendant Advanced Insulation Concepts, Inc., and that Defendant has failed to pay.  Pursuant to 42 U.S.C. § 6303(d)(4) and 10 C.F.R. § 429.130, DOE seeks to recover a civil penalty of $137,696.00.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1345, which provides that United States District Courts have original jurisdiction over civil actions commenced "by any agency or officer thereof expressly authorized to sue by Act of Congress[,]" and pursuant to 28 U.S.C. § 1355(a), which provides that United States District Courts have

jurisdiction over actions to recover and enforce penalties incurred under any Act of Congress. DOE brings this collection matter pursuant to 42 U.S.C. § 6303(d)(4), an Act of Congress that expressly requires DOE to initiate action in any appropriate federal district court to recover an assessed civil penalty after it has become a final and unappealable order.  *See also* 10 C.F.R. § 429.130 (stating that, if a person fails to pay the assessment of a civil penalty after it has become a final and unappealable order, DOE must commence an action in an appropriate federal district court to recover the assessed amount).

3.      Venue is proper in this district under 28 U.S.C. § 1395(a) because "[a] civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or where the defendant is found."  The administrative adjudication of this civil penalty action occurred in this district, and the DOE General Counsel entered the Order, which assessed the civil penalty, in this district.  During the pendency of this action, the civil penalty will continue to be within the jurisdiction of this Court.

### THE PARTIES

4.      Plaintiff DOE is an Executive agency and is authorized to enforce compliance with EPCA's energy and water conservation standards for certain consumer products and commercial and industrial equipment. 42 U.S.C. §§ 6291-6317.

5.      Section 6303(d)(5)(A) of Title 42 of the U.S. Code authorizes attorneys within DOE to supervise, conduct, and argue collection actions under 42 U.S.C. § 6303(d)(4) in any court of the United States, except the Supreme Court.

6.      At all times relevant to this Complaint, Defendant was both a person, as defined at 42 U.S.C. § 6202(2), and a manufacturer of industrial equipment, including doors for walk-in

coolers and walk-in freezers.  Defendant is a Kentucky corporation that is principally based in Florence, Kentucky.

## THE ENERGY POLICY AND CONSERVATION ACT

1.      EPCA established a federal program consisting of test procedures, labeling requirements, certification and enforcement procedures, and water and energy conservation standards for certain consumer products and industrial equipment.  42 U.S.C. § 6291 *et seq.*

2.      A manufacturer of covered equipment must submit to DOE a report certifying that each basic model of that covered equipment complies with the applicable DOE energy conservation standard, both before distributing the covered equipment in commerce and annually thereafter.  10 C.F.R. §§ 429.12(a)–(d).

3.      To "distribute in commerce" is "to sell in commerce, to import, to introduce or deliver for introduction into commerce, or to hold for sale or distribution after introduction into commerce."  42 U.S.C. § 6291(16).

4.      "Commerce'' means "trade, traffic, commerce, or transportation (A) between a place in a State and any place outside thereof, or (B) which affects trade, traffic, commerce, or transportation described in subparagraph (A)."  42 U.S.C. § 6291(17).

5.      "Covered equipment" means a type of industrial equipment, including walk-in coolers and walk-in freezers.  42 U.S.C. §§ 6311(1)(G), 6313(f); 10 C.F.R. §§ 431.2, 431.302.

6.      Pursuant to 42 U.S.C. § 6313(f), DOE promulgated energy conservation standards for walk-in coolers, walk-in freezers, and their components, including panels and doors. 10 C.F.R. § 431.306.

7.      42 U.S.C. § 6303(d)(4) reads: "If any person fails to pay an assessment of a civil penalty after it has become a final and unappealable order under paragraph (2), or after the

appropriate district court has entered final judgment in favor of the Secretary [of Energy] under paragraph (3), the Secretary shall institute an action to recover the amount of such penalty in any appropriate district court of the United States. ***In such action, the validity and appropriateness of such final assessment order or judgment shall not be subject to review.***"  (Emphasis added.)

### FACTUAL ALLEGATIONS

**I.      DEFENDANT OWES THE U.S. DEPARTMENT OF ENERGY $137,696.00.**

8.      At all times relevant to this Complaint, Defendant was both a person and a manufacturer of covered equipment, including doors for walk-in coolers and walk-in freezers.

9.      Thus, Defendant was subject to the requirements of 10 C.F.R. parts 429 and 431 and the remedies of 10 C.F.R. part 429, Subpart C.

10.      DOE brought a case against Defendant before an Administrative Law Judge ("ALJ") for Defendant's failure to submit to DOE a report certifying that three basic models of doors for walk-in coolers and walk-in freezers that Defendant manufactured (the "subject models") comply with the applicable energy conservation standards before Defendant distributed those models in commerce.

11.      On July 14, 2023, the ALJ decided in DOE's favor and recommended that Defendant be assessed a civil penalty $137,696.00.

12.      On July 28, 2023, the DOE General Counsel issued to Defendant an order, pursuant to 42 U.S.C. § 6303(d)(2)(A) and 10 C.F.R. § 429.126(c)(1), that adopted the ALJ's decision and assessed a civil penalty of $137,696.00 against Defendant.

13.      Pursuant to 42 U.S.C. § 6303(d)(2)(B) and 10 C.F.R. § 429.126(c)(2), the order became final on September 26, 2023.

14.      Defendant has not paid the $137,696.00 civil penalty assessed by DOE.

15. Accordingly, Defendant owes DOE $137,696.00.

## II.   PROCEDURAL HISTORY

### A.   Initiation of Administrative Enforcement Process

16. On January 3, 2023, DOE issued to Defendant a Notice of Proposed Civil Penalty, alleging that Defendant had knowingly failed to certify the subject models before distributing the subject models in commerce.

17. In the Notice of Proposed Civil Penalty, DOE calculated a maximum penalty, in accordance with 42 U.S.C. § 6303 and 10 C.F.R. § 429.120, of $550,785, which was a penalty of $503 per day for 365 days for three subject models (three models multiplied times 365 days and multiplied times $503 per day).

18. Based on the facts and circumstances of this matter, DOE proposed a civil penalty of $137,696, which is 25% of the maximum penalty.

19. In accordance with 10 C.F.R. § 429.122(b)(3), the Notice of Proposed Civil Penalty informed Defendant of the opportunity to elect in writing, within 30 calendar days of receipt of the Notice of Proposed Civil Penalty, to have the procedures of 10 C.F.R. § 429.128, in lieu of the procedures of 10 C.F.R. § 429.126, apply.[1]

20. Defendant failed to respond to the Notice of Proposed Civil Penalty within the required 30 days.  *See* 42 U.S.C. § 6303(d)(1); 10 C.F.R. § 429.122(b)(3).

21. Pursuant to 10 C.F.R. § 429.124(c), if a respondent fails to respond to a Notice of Proposed Civil Penalty or otherwise fails to indicate to DOE its election of procedures, DOE

---

[1] The procedures of 10 C.F.R. § 429.128 provide for the issuance of an Order assessing the proposed civil penalty amount, and if, after the passage of 60 calendar days after receipt of the Order, the respondent has not paid the civil penalty amount, DOE must institute an action in federal district court to recover it. The appropriate federal district court reviews the case *de novo*.

shall refer the civil penalty action to an Administrative Law Judge ("ALJ") for a hearing under 10 C.F.R. § 429.126.

**B.      Administrative Action before the ALJ.**

22.      On February 15, 2023, pursuant to 10 C.F.R. § 429.124(c) and § 7 of DOE's Procedures for Administrative Adjudication of Civil Penalty Actions ("AACPA"), DOE referred this civil penalty action to an ALJ by filing a complaint with DOE's Office of Hearings and Appeals.

23.      That same day, DOE served the complaint on Defendant by email, in accordance with AACPA § 5)b).

24.      DOE attached to that email a copy of the AACPA and a cover letter notifying Defendant of its obligation to respond within 30 days and the consequences if Defendant failed to do so.

25.      On February 16, 2023, the ALJ issued to DOE and Defendant a letter acknowledging receipt of the complaint, directing all parties to respond via email with a proper point of contact for service and any other communication, and advising Defendant that Defendant's answer or motion to dismiss the complaint was due by the 30th day after February 16, 2023.

26.      Defendant failed to respond to the ALJ's acknowledgement letter.

27.      Pursuant to AACPA § 8, Defendant was required to file a written answer or a written motion by March 18, 2023.

28.      Defendant failed to file an answer or otherwise respond to the complaint.

29.      Pursuant to AACPA § 8, a failure to timely file an answer results in an admission of the truth of each allegation contained in the complaint.

30. On March 28, 2023, DOE filed a Motion for Decision, in which DOE requested (1) that the ALJ deem each of the allegations set forth in the complaint as true; (2) that based on those deemed admissions, the ALJ find that Defendant violated 10 C.F.R. § 429.102(a)(1); and (3) that the ALJ recommend that Defendant be assessed a civil penalty of $137,696.00.

31. On April 6, 2023, the ALJ issued an Order to Show Cause to DOE, ordering the submission of arguments and evidence to demonstrate that DOE had properly served the complaint on Defendant via a verified email address.

32. On or about April 27, 2023, an attorney within DOE contacted Defendant at the phone number (859-342-8550) provided on Defendant's website and confirmed with an employee of Defendant that the email address DOE used to serve the Notice of Proposed Civil Penalty, complaint, and Motion for Decision on Defendant is valid and monitored.

33. On April 27, 2023, DOE responded to the Order to Show Cause and averred that the email address is a verified email address because (1) the email address was provided to the public by Defendant on its website; (2) an online email verification service showed it to be a working email address; (3) emails sent to the email address had not been returned as undeliverable; and (4) DOE confirmed telephonically with Defendant that the email address was valid and monitored.

34. On July 14, 2023, the ALJ, pursuant to 42 U.S.C. § 6303(d)(2)(A) and 10 C.F.R. § 429.126(b), issued an Initial Decision in which the ALJ found that DOE properly served Defendant, granted DOE's Motion for Decision, and found that Defendant knowingly violated 10 C.F.R. § 429.102(a)(1) by knowingly distributing in commerce basic models of doors for walk-in coolers and walk-in freezers for at least 365 without submitting to DOE the certification report required under 10 C.F.R. § 429.12(a).

35. The ALJ recommended that Defendant be assessed a civil penalty of $137,696.00.

**C.** **Assessment of Civil Penalty**

36. Pursuant to AACPA §§ 31)c), an ALJ's Initial Decision becomes final if a party does not file a Notice of Appeal within 10 days after service of the Initial Decision on the parties.

37. Defendant did not file a Notice of Appeal of the Initial Decision.

38. Accordingly, on July 24, 2023, the Initial Decision became final.

39. On July 28, 2023, pursuant to 42 U.S.C. § 6303(d)(2)(A) and 10 C.F.R. § 429.126(c)(1), the DOE General Counsel issued to Defendant an Order that adopted the ALJ's decision and assessed a civil penalty of $137,696.00 against Defendant.

40. Pursuant to 42 U.S.C. § 6303(d)(2)(B) and 10 C.F.R. § 429.126(c)(2), any person against whom a civil penalty is assessed is afforded the opportunity to seek, in the appropriate United States Court of Appeals, judicial review of the Order within 60 calendar days of the Order's issuance.

41. Defendant did not initiate action for judicial review of the Order.

42. DOE's demand for payment, inherent in the Order's assessment of a civil penalty, became due following the end of this 60-day period.

43. To date, Defendant has failed to pay the assessed civil penalty.

## COUNT 1

### (Claim For Collection of a Civil Penalty)

44. DOE incorporates and re-alleges herein every allegation set forth in paragraphs 1 through 43 of this complaint.

45. Defendant owes DOE the assessed civil penalty of $137,696.00 pursuant to 42 U.S.C. § 6303(d)(2)(A).

46.    DOE has demanded that Defendant pay the assessed civil penalty of $137,696.00.

47.    Defendant has failed and continues to fail to make payment of the civil penalty of $137,696.00.

48.    Through this action, DOE demands payment of $137,696.00 as satisfaction of the assessed civil penalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DOE respectfully requests that this Court:

A. Enter judgment in favor of DOE;

B. Order Defendant to pay the civil penalty assessed by DOE in the amount of $137,696.00, plus costs and any interest that has accrued since July 28, 2023, and that will accrue pending resolution of this action; and

C. Award such other and additional relief as the Court deems just and proper.

Dated: May 28, 2024

Respectfully submitted,

/s/ Adam Curfman

ADAM CURFMAN
Trial Attorney
D.C. Bar No. 241558
adam.curfman@hq.doe.gov
United States Department of Energy
1000 Independence Avenue S.W.
Washington, D.C. 20585
Telephone: (240) 449-7608